# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2026

Lyle W. Cayce
Clerk

No. 25-20372
Summary Calendar

———————————

Sedrick Jermaine Townsend,

*Petitioner—Appellant*,

*versus*

Eric Guerrero, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-4797

———————————————————————————

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Sedrick Jermaine Townsend, Texas prisoner # 02184872, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application challenging his conviction for aggravated robbery. The district court dismissed Townsend's § 2254 application on the grounds that it was an unauthorized successive § 2254 application and that

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

he had not obtained this court's authorization to file a successive § 2254 application. In his COA brief, Townsend raises various constitutional challenges to his conviction, and he contends that he is actually innocent.

To obtain a COA, Townsend must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court's denial of federal habeas relief is based on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Townsend does not meaningfully challenge the district court's finding that he failed to obtain this court's authorization to file a successive § 2254 application. As such, Townsend has abandoned the only cognizable issue for appeal. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Accordingly, he has failed to show that reasonable jurists could debate the district court's dismissal of his § 2254 application. *See Slack*, 529 U.S. at 484. His motion for a COA is DENIED.

To the extent Townsend's filings are liberally construed as alternatively moving for authorization to file a successive § 2254 application, the motion is DENIED, as Townsend fails to make a prima facie showing that he satisfies the requisite criteria for obtaining authorization to file a successive § 2254 application. *See* 28 U.S.C. § 2244(b)(2), (b)(3)(C).